IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| M.R., by and through his next friends, ROSAURA C. and JOSE R., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:24-cv-135 |
| MCALLEN INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**ORIGINAL COMPLAINT**

## I.   INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

## II.   JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 794.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

## III.   PARTIES

4. Plaintiff M.R. is a 13-year-old student with disabilities who lives with his parents and next friends in or around McAllen, Texas. He resides within the geographical area served by the McAllen Independent School District ("MISD").

1

5. Defendant MISD is a duly incorporated Independent School District located in Hidalgo County, Texas. MISD is the resident school district for M.R. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

## IV.   STATEMENT OF FACTS

6. Plaintiff M.R. is a 13-year-old student with disabilities, including Down Syndrome, who lives within the geographical boundaries served by MISD. Historically, he attended MISD's Preschool Program for Children with Disabilities ("PPCD") in the 2013-2014 school year and again in the 2014-2015 school year. By December 2022, Plaintiff was a fifth-grader in MISD at its Pablo Perez Elementary School ("Perez"). He had been in a dual language program since his first grade year.

7. To address Plaintiff's educational needs further, his mother began in March 2019 paying for private tutoring for him at The Learning Center/El Angel ("El Angel"). He received private occupational, speech and language therapy there as well. When Plaintiff started at El Angel, he could not sit still or do a worksheet and, as he exhibited frustration constantly, as evidenced by his pencil flying around the room. MISD and its teachers knew throughout that he was attending El Angel.

8. By March 2019 Plaintiff in MISD was in a general education classroom and in a self-contained classroom for different parts of the day. After requests from Plaintiff's mother, MISD hired an inclusion consultant, but the consultant never attended any ARD meetings for Plaintiff, never observed him in the classroom, and never trained any MISD teachers or staff on the inclusion of children with Down Syndrome. By this time, it was clear that MISD was not providing Plaintiff with a Free Appropriate Public Education or, in fact, any meaningful

educational benefit at all. In fact, the only meaningful educational benefits Plaintiff received were coming from El Angel.

9. Plaintiff repeated second grade during the 2019-2020 school year. Even from the start of the year it was clear that Plaintiff was making no meaningful progress, despite the fact that MISD did not provide progress reports during the year as required. MISD teachers sought to reduce the goals put forward in Plaintiff's Individualized Education Program ("IEP") because they were too ambitious. By February 2020, MISD sought to place Plaintiff in a self-contained class for most of the day because he was regressing.

10. When the COVID-19 epidemic hit, Plaintiff received home instruction from his mother, some school instruction, and tutoring from El Angel. As she spent more and more time working with Plaintiff during this time period, Plaintiff's mother became more aware of how far behind he was in reading, math, and other skills. In fact, he had no reading skills and could not count consistently to ten.

11. Once Plaintiff's mother began working with him, she was able by May 2020, in conjunction with El Angel, to bring Plaintiff's reading to a significantly higher level. She provided detailed documentation of Plaintiff's progress to MISD. Meanwhile, MISD's own documentation was in complete disarray, along with its educational program for Plaintiff. For example, the May 2020 ARD documentation contained no IEP goals and two different schedules of services with no indication as to which one, if either, MISD would actually follow. When the COVID-19 epidemic hit, Plaintiff was placed in a virtual self-contained classroom, contrary to his IEP. In fact, during the entire time period discussed in this factual account, MISD failed consistently to provide key educational records to Plaintiff's mother, including progress reports and IEPs.

12.     Plaintiff advanced to third grade for the 2020-2021 school year.  As all students were receiving virtual instruction at the beginning of the year, Plaintiff continued his studies at home, receiving instruction from his mother and El Angel.  Strangely, MISD provided Plaintiff a General Education class schedule in advance of the school year and did not provide him a paraprofessional, as required by his IEP.  Nevertheless, Plaintiff's mother enrolled him in MISD by August 25, 2021, and never unenrolled him.

13.     During Plaintiff's third grade year, Plaintiff improved his reading skills, but the improvement was almost entirely due to the work of El Angel and Plaintiff's mother with him.  Although MISD teachers and staff knew that Plaintiff was working with El Angel, they never contacted El Angel to find out what that the tutors there were addressing with Plaintiff.  Thus, they had no way of pushing him forward, as they could not ascertain his performance levels on an ongoing basis.

14.     Plaintiff continued attending El Angel at parent expense during the summer of 2021.

15.     Plaintiff advanced to fourth grade for the 2021-2022 school year.  He attended MISD's Virtual Academy for most of the school year, although the details of the Academy were never explained to his mother.  Even when many others went back to brick-and-mortar instruction, Plaintiff continued remote schooling due to his medical conditions, although he did not receive a full day of instruction.  He only received an hour of math instruction and 45 minutes of English/Language Arts.  By contrast, General Education students received a full day of instruction, even if they were served remotely.  Plaintiff's mother had to serve as his paraprofessional, as MISD supplied none.  During this time, Plaintiff received no occupational therapy ("OT") services because the OT provided indicated he was not enrolled, despite the fact

4

that Plaintiff was enrolled and receiving instruction through MISD's Virtual Academy. Plaintiff's OT scores in this timeframe and in the years preceding show no meaningful progress and even possible regression in some areas.

16. In October 2021, Plaintiff's mother complained to MISD that it was not providing any reading intervention, such that the only benefits Plaintiff was receiving in this area came from El Angel and the work of Plaintiff's mother.

17. In March 2022, Plaintiff returned to MISD in-person, where he was to receive instruction in the General Education classroom, except for math and reading, which were to be provided in a Resource classroom.  During this time period, MISD performed a Review of Existing Evaluation Data ("REED"), when Plaintiff required a more expansive and current Full Individual Evaluation ("FIE).  Moreover, the REED was fraught with inaccuracies and errors, but substantive and procedural, including, but not limited to, failing to evaluate Plaintiff properly with respect to his dominant language, failing to address Plaintiff's receptive, expressive, and pragmatic language deficits appropriately, and failing to take appropriately into consideration Plaintiff's documented history of regression at MISD in prior years with respect to language issues.  Furthermore, much of the data was woefully outdated.  Although the school district had performed other kinds of testing—such as Brigance assessments for the purpose of obtaining baseline data—MISD never presented these assessments or the resultant data at ARD meetings or even in response to discovery requests in the administrative due process proceedings. Moreover, their own evaluators were not given access to these assessments and thus lacked more current data than that upon which they ultimately relied.  MISD's failure to assess these issues appropriately led in part to its failure to address these issues appropriately—a failure which, even

apart from MISD's other missteps, led to its inability to provide Plaintiff a Free Appropriate Public Education.

18. During the course of Plaintiff's fourth grade year, Plaintiff's mother requested reimbursement from MISD for the significant funds she had expended on private services from El Angel. MISD ultimately declined.

19. During Plaintiff's fifth grade year, Plaintiff attended MISD for most of the school day and continued to attend El Angel. Plaintiff's mother continued to seek reimbursement from MISD for her expenditures at El Angel. MISD continued in its failed approach to the provision of instruction and services to Plaintiff, such that he received no meaningful educational benefit from MISD. Any progress was derived from the work of El Angel and Plaintiff's mother with Plaintiff.

20. Plaintiff's mother filed an administrative due process complaint on December 28, 2022. MISD contended throughout the due process proceedings simultaneously and contradictorily that Plaintiff made significant progress and needs to be in a highly restrictive self-contained classroom. Both cannot be true at the same time. In fact, neither is true. Plaintiff made no meaningful progress derived from any efforts or MISD. However, he does not need to be in a highly restrictive self-contained classroom. Rather, he needs an IEP developed and implemented that will provide him with the tools he needs to obtain a Free Appropriate Public Education. Because MISD has consistently refused to provide those tools and the other remedies Plaintiff requires, his mother filed the above-referenced due process complaint. Because the Hearing Officer erroneously denied the relief sought in that due process complain in a decision dated January 3, 2024, Plaintiff is forced to seek relief from this Court.

## FIRST CAUSE OF ACTION (IDEA)

21. Plaintiff incorporates by reference paragraphs 1-20 of this Complaint.

22. The administrative hearing officer erred in denying Plaintiff the relief he requested.

23. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

24. Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the relief sought by Plaintiff in the underlying administrative proceeding, including, but not limited to, requiring MISD to educate Plaintiff in the general education classroom with a one-to-one aide and to reimburse Plaintiff's mother for expenditures on El Angel and other private services, including costs of the current litigation.

25. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees if he prevails in the current litigation.

## PRAYER

Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the remedies sought in Plaintiff's underlying administrative due process complaint and listed in the Hearing Officer's Decision attached as Exhibit A, including, but not limited to, requiring MISD to educate Plaintiff in the general education classroom with a one-to-one aide and to reimburse Plaintiff's mother for expenditures on El Angel and other private services, including costs of the current litigation.  In addition, Plaintiff requests payment for Plaintiff's reasonable and necessary attorneys' fees and costs of the suit.

DATED: April 2, 2024                    Respectfully Submitted,

   /s/ Mark Whitburn
Mark Whitburn
State Bar No. 24042144
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com